UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-00425-FDW-DSC

| | |
|---|---|
| DINA R. CARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Dina Carr's Motion for Summary Judgment (Doc. No. 13) and the Commissioner's Motion for Summary Judgment (Doc. No. 16). Pursuant to 28 U.S.C. § 636 (b)(1)(B), these motions were referred to the Magistrate Judge David Cayer for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 21). The M&R respectfully recommends Carr's Motion for Summary Judgment be denied, Commissioner's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed. Carr filed objections to the M&R (Doc. No. 22), and those objections have been fully briefed by the parties (Doc. Nos. 24, 26); therefore, this matter is now ripe for review.

For the reasons set forth, the Court OVERRULES Carr's objections (Doc. No. 22), ADOPTS the findings and recommendations in the M&R (Doc. No. 21), DENIES Carr's Motion for Summary Judgment (Doc. No. 13), and GRANTS the Commissioner's Motion for Summary Judgment (Doc. No. 16).

**I. BACKGROUND**

Carr does not lodge any specific objections to the procedural history and factual background or standard of review. Having conducted a careful review of these portions of the

1

M&R, the Court finds the M&R's treatment thereof is correct and supported by the record. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note) (holding when there is no objection, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'"). Thus, the portions of the M&R titled "Procedural History" and "Standard of Review" are adopted and incorporated by reference as if fully set forth herein.

## II. STANDARD OF REVIEW

### A. Review of the Commissioner's Determination

A reviewing court must uphold a Social Security disability determination if "(1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." Arakas v. Comm'r. Soc. Sec. Admin., 983 F.3d 83, 94 (4th Cir. 2020). The "substantial evidence" required is more than "a mere scintilla... but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). While not "reflexively rubber-stamp[ing] an ALJ's findings," a court reviewing for substantial evidence cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for the ALJ's. Arakas, 983 F.3d at 95. Instead, the scope of review is limited to ensuring that the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusions." Id.; see also Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997) (discussing that a court's review focuses on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence). Thus, if this Court finds the Commissioner applied the correct legal

standards and his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

**B. Review of the Memorandum and Recommendation**

The Federal Magistrate Act states a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Under § 636(b)(1), a party's objections to the M&R must be "specific and particularized" to facilitate district court review. United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). De novo review is not required, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Objections to an M&R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (alteration in original) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. See Jackson v. Astrue, No. 1:09–cv–467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); "Examining anew arguments already assessed in the [M & R] would waste judicial resources; parties must explain why the [M & R] is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." Hendrix v. Colvin, No. 5:12-cv-1353, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013).

Absent a specific, proper, and timely filed objection, the Court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). As the Fourth Circuit explained in Diamond:

> As a result, just as Rule 72 and the Federal Magistrates Act contemplate, the district court did not focus attention on that issue. In the absence of specific written objection, the district court was free to adopt the magistrate judge's recommendation on the retaliation claim without conducting a de novo review, and Diamond waived her right to an appeal on that claim.

416 F.3d at 316 (citations and quotations omitted; modifications adopted). When reviewing for clear error, a prior "determination should be affirmed unless the Court is left with the definite and firm conviction that a mistake has been committed." Padilla v. Troxell, 850 F.3d 168, 174–75 (4th Cir. 2017) (quotations and citations omitted).

### III. ANALYSIS

Carr objects to the M&R based on the following: 1) the M&R failed to address whether the Commissioner's decision is constitutionally defective; and 2) the M&R erroneously concluded the ALJ conducted a thorough review required by Social Security Ruling 12-2p ("SSR 12-2p"), despite the fact the ALJ did not mention the regulation. Upon de novo review of these two discrete issues, the Court adopts the recommendation of the M&R and supplements that ruling as set forth below.

In her first objection, Carr argues the M&R failed to acknowledge or address her Notice of Supplemental Authority, (Doc. Nos. 19, 20), filed on August 2, 2021. The Notice indicated, "Plaintiff submits Collins v. Yellen, 141 S. Ct. 1761 (2021), relying on Seila Law, LLC v. Consumer Financial Protection Bureau, 140 S. Ct. 2183 (2020), as supplemental controlling

4

authority on the constitutionality of the Commissioner's decision." (Doc. No. 19). The other document was a "Memorandum Opinion for the Deputy Counsel to the President," dated July 8, 2021. (Doc. No. 20). Carr's argument that the M&R failed to address these filings is problematic because it is not "supplemental" authority. Carr fails to show how the cited authorities applied to any issue properly *pending* before the Court. Carr's motion and briefing before the magistrate judge neither mentioned nor raised any argument challenging the unconstitutional structure of the Social Security Administration or the unconstitutionality of the authority vested in the ALJ by the Commissioner. Accordingly, any argument on this issue was waived. Grayson O Co. v. Agadir Int'l LLC, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to 'develop its argument—even if its brief takes a passing shot at the issue.'" (alterations omitted) (quoting Brown v. Nucor Corp., 785 F.3d 895, 932 (4th Cir. 2015)); see also Steves & Sons, Inc. v. JELD-WEN, Inc., 988 F.3d 690, 727 (4th Cir. 2021) ("It is not the obligation of this court to research and construct legal arguments open to parties, especially when they are represented by counsel, and perfunctory and undeveloped arguments are waived." (quotation omitted; alterations adopted)). Because the Notice of Supplemental Authority did not apply to any issue pending before the Court, the M&R did not err by failing to acknowledge or address it.

Carr's second objection argues the M&R erred by concluding the ALJ properly applied SSR 12-2p despite the fact the ALJ did not cite to that provision. Here, Carr argues SSR 12-2p "requires the ALJ to make a determination whether a claimant's fibromyalgia equals a listing, independently or in combination with another impairment, and requires him to acknowledge and consider the waxing and waning nature of fibromyalgia, neither of which the ALJ did here." (Doc.

No. 22, pp. 5-6). In support of this, Carr contends the ALJ failed to address her fibromyalgia symptoms in his decision and argues the ALJ instead used boilerplate language.

To the contrary, the ALJ's decision found Carr's fibromyalgia and other disorders to be a severe impairment and concluded Carr's impairments—considered alone or in combination—meets or medically equals the severity of a listed impairment. (Tr. 17). In addition, the RFC determination considers the nature of fibromyalgia and related symptoms throughout. In fact, the decision makes significant effort to thoroughly summarize Carr's subjective statements about her symptoms, including those caused by her fibromyalgia and other impairments. (Tr. 18-25). And, the ALJ did not limit his analysis to a correlation, or lack thereof, between Carr's subjective claims and objective findings.

Instead, the ALJ comprehensively analyzed Carr's subjective claims by discussing the longitudinal evidence in the record, including such factors as her activities of daily living and statements she made throughout the record. For example, the ALJ recognized her "long history" of chronic pain, (Tr. 20), "ongoing pain and symptoms," (Tr. 24), and "ongoing fibromyalgia pain" (id.). Throughout the decision, the ALJ refers to *her* subjective statements of symptoms—including neck, back, arm, and hand pain—in conducting his analysis. See Arakas, 983 F.3d 91 (recognizing that fibromyalgia is "'a disorder of unknown cause' characterized by 'chronic widespread soft-tissue pain' particularly in 'the neck, shoulders, back, and hips, which is aggravated by use of the affected muscles' and 'accompanied by weakness, fatigue, and sleep disturbances.'" (quoting Stedman's Medical Dictionary 331870 (2014)). Moreover, the ALJ explicitly included limitations based on "giving full credit to the potential effects of [Carr's]

6

Case 3:20-cv-00425-FDW-DSC   Document 27   Filed 03/31/22   Page 6 of 9

ailments," as well as "further limitations" than recommended by the agency medical consultant in order to "more adequately accommodate [Carr's] ongoing pain and symptoms." (Tr. 22, 24).

As the M&R concluded, the ALJ addressed Carr's fibromyalgia related symptoms in crafting her RFC, and substantial evidence supports that RFC determination. The ALJ's failure to cite to SSR 12-2p is not fatal here where it is clear from the record that the ALJ followed the regulation in evaluating fibromyalgia for purposes of Carr's disability claim. This objection is overruled.

Notably absent from Carr's objections and argument before this Court is any citation to or argument concerning the M&R's application of the Arakas case. In her initial pleadings, Carr had previously cited Arakas and argued the ALJ improperly relied on objective medical evidence in assessing Carr's subjective complaints regarding her fibromyalgia symptoms. The M&R concluded otherwise, and Carr seems to have abandoned this argument at this stage.

In applying clear error review to this portion of the M&R, the Court also notes that nothing in the RFC determination indicates the ALJ characterized the objective evidence in any way to *discount* Carr's subjective statements about her symptoms caused by fibromyalgia. This distinguishes this case from Arakas where the Fourth Circuit noted, "In his three-page Residual Functional Capacity analysis, the ALJ referred at least five times to the supposed lack of objective medical evidence supporting Arakas's complaints and repeatedly highlighted the ways in which he believed her statements were inconsistent with the objective medical evidence." 983 F.3d at 97. And, because nothing on the face of the ALJ's decision here indicates the ALJ relied "on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia," id., this case is

7

distinguishable from the many others where remand has been found to be appropriate. See, e.g., Sandra P., v. Comm'r of Social Security, No. 2:21CV127, 2022 WL 815463, at *8 (E.D. Va. Mar. 1, 2022) ("Since the decision, lower courts have consistently applied Arakas to remand cases with insufficient analysis of subjective complaints related to fibromyalgia that meet the diagnostic criteria." (collecting cases)), report and recommendation adopted sub nom. Sandra P. v. Kijakazi, No. 2:21-CV-127, 2022 WL 811295 (E.D. Va. Mar. 16, 2022); see also Bryson v. Berryhill, No. 1:20-CV-00169-MOC, 2021 WL 2517682, at *5 (W.D.N.C. June 18, 2021) (remanding "in line with post-Arakas decisions of other districts in the Fourth Circuit" (collecting cases)). As discussed above, the ALJ's decision here makes clear that he relied on Carr's subjective statements about her symptoms caused by fibromyalgia in his analysis and, if anything, used objective evidence only to *substantiate* her impairment or to *justify* further limitations, which Arakas clearly allows. 983 F.3d at 97–98 ("If considered at all, such evidence—along with consistent trigger-point findings—should be treated as evidence substantiating the claimant's impairment.). Accordingly, the Court adopts that portion of the M&R.

Finally, the Court finds no clear error in any other portions of the M&R and adopts those recommendations as well. The ALJ's decision builds an accurate and logical bridge from the evidence to the conclusions, applies the correct legal standards, and is supported by substantial evidence. Accordingly, the Commissioner's determination is affirmed.

## IV. Conclusion

IT IS THEREFORE ORDERED that for the reasons stated in the M&R, as well as the supplemental discussion provided herein, the Court OVERRULES Carr's objections (Doc. No. 22), ADOPTS the findings and recommendations in the M&R (Doc. No. 21), DENIES Carr's

8

Case 3:20-cv-00425-FDW-DSC   Document 27   Filed 03/31/22   Page 8 of 9

Motion for Summary Judgment (Doc. No. 13), and GRANTS the Commissioner's Motion for Summary Judgment (Doc. No. 16).

    IT IS SO ORDERED.

Signed: March 30, 2022

Frank D. Whitney
United States District Judge